UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GILBERTO CARRILLO, | Case No. 3:21-cv-00423-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| KATHY THOMAS, *et al.*, | |
| Defendants. | |

## I.  SUMMARY

Plaintiff Gilberto Carrillo brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison and Lovelock Correctional Center when prison officials allegedly discriminated against him because of his faith and substantially burdened his ability to practice his religion. (ECF No. 6.) On February 28, 2022, the Court ordered Carrillo to file a second amended complaint by March 28, 2022. (ECF No. 7.) The Court warned Carrillo that the action could be dismissed if he failed to file a second amended complaint by that deadline. (*Id.* at 10.) On Carrillo's motions, the Court extended the deadline three times, finally directing that Carrillo must file a second amended complaint by July 14, 2022. (ECF Nos. 9, 10, 12.) The thrice-extended deadline expired, and Carrillo did not file an amended complaint or otherwise respond.

## II.  DISCUSSION

"District courts have [the] inherent power to control their dockets[,]" and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic [alternatives]." *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Carrillo's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

unless Carrillo files a second amended complaint, the only alternative is to enter yet another order setting a fourth deadline. Carrillo has had three extensions—covering almost four months—to file a second amended complaint. And he allowed the final deadline to expire without explanation. The Court finds that setting another deadline is not a meaningful alternative here. So, the fifth factor favors dismissal.

### III.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Carrillo's failure to file a second amended complaint in compliance with the Court's February 28 and June 14, 2022, orders and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Carrillo wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 4) is granted. This status does not relieve Carrillo of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. And the full $350 filing fee remains due and owing even though this case is being dismissed.

To ensure that Carrillo pays the full filing fee, it is further ordered that the Nevada Department of Corrections must pay to the Clerk of Court 20% of the preceding month's deposits to the account of Gilberto Carrillo, #76681 (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk of Court is directed to send a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

DATED THIS 15th Day of September 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE